PER CURIAM.
Delia Short appeals from the final judgment entered in favor of Ashraf Abukh-deir. We reverse; the trial court erred in questioning the jury as to how it arrived at the damage award.
This matter arose from an automobile accident involving Short and Abukhdeir. Short asserted a personal injury claim as a result of the accident. Abukhdeir admitted liability, and the case proceeded to trial on the issues of permanent injury and damages. At the time of the accident, Short was insured by State Farm Mutual Insurance Company. The State Farm insurance payment log was introduced into evidence at trial showing that State Farm had paid $15,000 on behalf of Short. At trial, it was stipulated that Short’s medical bills totaled $22,157.30. There was no claim for future medical expenses or past or future lost earnings.
At the charge conference, the parties and the trial court agreed that the jury would be given standard civil jury instruction 6.13b in contemplation of a deduction for collateral source payment. The trial court instructed the jury as follows:
In this case, you should reduce the amount of compensation to which plaintiff, Delia Short, is otherwise entitled on account of wages, disability benefits, medical insurance benefits, or other benefits which the evidence shows she re *409 ceived from her employer, insurance companies or other sources.
During jury deliberations, the jury submitted the following question to the court:
Question three states, ‘what is the amount of damages sustained for medical expenses in the past?’ We understand that the insurance company paid some of the medical bills. Are we to consider those payments when trying to determine the amount of compensation for question # 3?
Following discussion with counsel, the court referred the jury to jury instruction 6.13b for an answer to the question. Thereafter, the jury returned a verdict finding that Short had sustained injuries as a result of the accident, but such injuries were not permanent, and returned a verdict for past medical expenses in the amount of $20,160.30.
The trial court then asked that a judgment be prepared with a set-off for collateral sources. Short objected, arguing that the jury had already made the set-off. Over objection, the court decided to inquire of the jury whether it had considered the collateral source in arriving at the damages amount. The court asked the jury:
THE COURT: Ladies and gentlemen, I’m going to be circumspect about certain questions I want to ask you, because I want us to stay specific. The figure that you have unanimously arrived at in Paragraph 3 is $20,160.30. I will ask the foreman to respond on behalf of the jury, but if individuals on the jury take exception with the foreman’s response, then I’ll be glad to hear that. In other words, if the foreman’s response deviates from the unanimous approach that you took. Now, during the trial we understood that there was $15,-000 paid by the plaintiffs insurance carrier, in arriving at this 21,160.30, did the jury give any consideration or in any respect reflect on that $15,000?
JUROR: We reflected on it, Your Hon- or, but there was no testimony that we
THE COURT: Wait, let’s not go any further than that. Let’s just stop right there. You reflected on the 15,000?
JUROR: But did not include it.
THE COURT: You came in with a question for the court in respect to certain things, and I referred to [sic] you to a specific jury instruction.
MR. CRAWFORD [Defense counsel]: May we approach again, Your Honor? One minute.
After initially hearing the foreman’s response, the court believed that the foreman was confirming a net verdict. Defense counsel disagreed and asked the court to inquire further. The court then inquired of the jury foreman:
THE COURT: Ladies and gentlemen, the reason we’re taking care is we do not want to inject ourselves into your jurisdiction. But we’re seeking some clarification. Let me see if I can phrase my question to the foreman this way. The sum $20,160.30, does that sum include $15,000 or is that after the $15,000 has been removed by the jury?
JUROR: It would be the total, including the $15,000.
THE COURT: So that we clearly communicate. You’re saying that 20,160.30, is a figure in which the 15,000 has not been deducted from?
JUROR: That is correct.
THE COURT: All right.
MR. CRAWFORD: I think we need to approach again, Your Honor.
After considering additional argument, the court concluded that the jury had failed to follow the collateral source instruction and ruled that the amount State Farm had paid in medical expenses would be subtracted from the $20,160.30 verdict. Thereafter, the trial court entered a final judgment awarding Short $5,167 and awarding Abukhdeir $12,041.07 in attorney’s fees and costs because Short’s judg *410 ment was more than 25% less than a prior offer of judgment.
Section 90.607(2)(b), Florida Statutes (1995), forbids any judicial inquiry into the emotions, mental processes, or mistaken belief of jurors. See Baptist Hospital of Miami v. Maler, 579 So.2d 97 (Fla.1991) (quoting State v. Hamilton, 574 So.2d 124 (Fla.1991)). Thus, the trial court is not permitted to interrogate the jurors as to how they arrived at their verdict and jurors may not testify that they failed to understand the court’s instructions. See id.
In this case, the trial court impermissi-bly inquired into the jurors’ method of calculating damages for past medical expenses. It then reduced the verdict when it concluded the jury had failed to follow the collateral source instruction. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
THREADGILL, A.C.J.,[1] and BLUE and FULMER, JJ., Concur.